IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TRAVIS C. CORGAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 04-cv-0048-MJR |
| | ) |
| **JOANNE B. BARNHART,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

Filed in January 2004, this suit sought judicial review of a denial of disability benefits. The Court conducted threshold review of the complaint and granted Corgan pauper status in early March 2004. A summons was issued two weeks later, but then the case appeared to languish. After five months with no activity, the Court notified Corgan (on August 25, 2004) that his case would be dismissed if he failed to serve Defendant within 20 days.

Corgan did not file proof of service on Defendant. Instead, on September 14, 2004, Corgan filed a document which – despite being captioned (in the Court's electronic filing system) as a "brief" – consisted only of a one-paragraph certificate of service plus a signature line for Corgan's attorney, Sam M. Coring. That pleading was stricken one day later by the Clerk's Office, with a notation that "the .pdf document attached to the entry is *not* the Social Security Brief" (Doc. 11). The Clerk's Office instructed counsel that the "entire brief by plaintiff is to be e-filed – not just the certificate of service" (*id*.).

Still no activity was taken in the case, and nearly another five months elapsed.

1

On February 1, 2005, Magistrate Judge Philip M. Frazier ordered Corgan to show cause why this case should not be dismissed for lack of service of process. Corgan, through attorney Coring, filed a response (Doc. 14). In that response, Coring stated that he had never received notice that his September 2004 filing had been stricken. This Court's electronic case filing system, however, shows that notice was sent to Mr. Coring at 3:26 p.m. on September 15, 2004.

On February 16, 2005, Judge Frazier submitted a Report recommending that the Court dismiss this action *without prejudice* based on Corgan's failure to properly serve Defendant. The Report explained that when the defendant is a federal agency, **FEDERAL RULE OF CIVIL PROCEDURE 4(i)** requires the plaintiff to serve the United States *and* send a copy of the summons and complaint to the agency in question by registered mail or certified mail. Judge Frazier's Report was sent to the parties with a notice informing them of their right to appeal by filing objections within ten days. Corgan filed no objection to Magistrate Judge Frazier's Report.

The undersigned District Judge adopted the Report on March 4, 2005 and dismissed the case without prejudice (Doc. 16). The dismissal Order was docketed, and the case closed, on March 4th, with notice electronically sent to attorney Coring at 10:50 a.m. that day.

Seven months passed. By motion filed October 21, 2005, Plaintiff Corgan now moves the Court to "set aside" its dismissal and "allow the case to proceed on its merits" (Doc. 20).[1] Plaintiff's counsel tenders a heartfelt apology and asks the Court to reopen the case. The Court is sympathetic to both Corgan and his counsel's position but cannot grant the requested relief.

---

[1] Although signed by attorney Coring (a male partner in the firm), the motion is written in the feminine, *e.g.*: "Plaintiff's counsel asserts that *she* attempted service of process on two separate occasions" and "Plaintiff's counsel wishes to express *her* sincerest apologies to the Court" (Doc. 20, ¶ 4, ¶ 10, italics added). The Court suspects this confusion simply is attributable to the fact that a female lawyer in the firm drafted the motion but did not sign it.

Because Corgan's motion to set aside was filed more than ten days after entry of this Court's dismissal Order, it must be construed as a motion for relief from judgment or order under **FEDERAL RULE OF CIVIL PROCEDURE 60(b)**. *Britton v. Swift Transp. Co., Inc.* **127 F.3d 616, 618 (7th Cir. 1997);** *United States v. Deutsch*, **981 F.2d 299, 301 (7th Cir. 1992).**

Rule 60(b) permits a Court to relieve a party from a judgment or order on six grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered sooner; (3) fraud or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment (or order).

As broadly-worded as the sixth ground may appear, the law of this Circuit holds that Rule 60(b) is not intended to correct legal errors by a district judge, cannot be based on anything that could be used to obtain a reversal via direct appeal, and – significantly – is reserved for "special circumstances" justifying an "extraordinary remedy." *Talano v. Northwestern Medical Faculty*, **273 F.3d 757, 762 (7th Cir. 2001);** *Bell v. Eastman Kodak Co.*, **214 F.3d 798, 801 (7th Cir. 2000);** *Cash v. Illinois Div. of Mental Health*, **209 F.3d 695, 698 (7th Cir. 2000).**

Stated another way, relief under Rule 60(b) "is an extraordinary remedy that is to be granted only in exceptional circumstances." *Provident Savings Bank v. Popovich*, **71 F.3d 696, 698 (7th Cir. 1995).** None of the six grounds listed in Rule 60(b) applies in the case at bar, and no exceptional circumstances exist here. Rather, Corgan's motion constitutes a "general plea for relief"

which advances arguments that were available earlier.   The dismissal order cannot be set aside on this basis.  *See Deutsch,* **981 F.2d at 301;** *Tango Music, LLC v. DeadQuick Music, Inc.***, 348 F.3d 244, 247 (7th Cir. 2003).**

      Moreover, the motion to set aside the dismissal was not filed until more than seven months after the dismissal Order was entered.  Rule 60(b) relief simply does not lie here.

      For all these reasons, the Court **DENIES** the October 21, 2005 motion to set aside dismissal (Doc. 20).

      **IT IS SO ORDERED.**

      **DATED this 24th day of October, 2005.**

      s/Michael J. Reagan
      **MICHAEL J. REAGAN**
      **United States District Judge**